IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

| | | |
|---|---|---|
| MAURICE DOSSO | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. AW-07-2710 |
| | * | |
| BRITISH AIRWAYS, PLC | * | |
| | * | |
| Defendant. | * | |

*************************************************************************

**MEMORANDUM OPINION**

Pending before the Court and ripe for judgment is Defendant British Airway PLC's Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. No. 42) and Plaintiff's Ex Parte Motion for Leave to File a First Amended Complaint (Doc. No. 45).

The Court has reviewed the Motion to Dismiss, as well as Plaintiff's limited response, and concludes that Defendant's request to dismiss is appropriate. As a Preliminary matter, the Court observes that Plaintiff's response to Defendant's Motion was filed more than ten days after the deadline for responding to the Motion to Dismiss, yet Plaintiff never requested an extension of time to respond to Defendant's Motion. Regardless, the Court will briefly address the arguments Plaintiff makes in that response below. Defendant moves, pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(h)(3), to dismiss this case on the ground that 42 U.S.C. § 1981, on its face, only governs actions that occur "within the jurisdiction of the United States." The Court believes that the plain language of the statute should prevail in this case. Moreover, the Court agrees with the Second Circuit's resoning in *Ofori-Tenkorang v. Am. Int'l Group, Inc.*, 460 F.3d 296, 302 (2d Cir. 2006), finding that § 1981 does not apply extraterritorially. *Id.* ("None of our sister circuits has addressed in a published decision whether 42 U.S.C. § 1981 applies

1

extraterritorially, but those district courts that have considered the question have unanimously agreed that the statute does not apply outside the United States.") The Court is particularly persuaded by the reasoning, that "where Congress has decided to extend the application of civil rights statutes to cover conduct occurring outside the jurisdiction of the United States, it has done so through explicit legislative amendments," and that the Court should not read in such an intent.

It is undisputed that the act which gave rise to this claim occurred in the United Kingdom, and though Plaintiff argues that the Court should instead examine where the effects of the action take place, the Court is not aware of any legal authority for doing so. Accordingly, the Court will grant Defendant's Motion to Dismiss the § 1981 claim. As the § 1981 claim is the only remaining claim in this action, the case can now be dismissed.

The Court also addresses Plaintiff's Motion to Amend the Complaint. Plaintiff filed the Motion on July 26, 2010, after discovery had been complete for nearly two months, and provides no rationale for filing it ex parte. Plaintiff seeks to add facts and Defendants to the Complaint but no additional claims. Federal Rule of Civil Procedure 15(a) allows a plaintiff to file additional amended complaints "only by leave of court or by written consent of the adverse party . . ." Fed. R. Civ. P. 15(a). "Although the decision whether to grant leave rests within the sound discretion of the district court, the federal rules strongly favor granting leave to amend." *Medigen, Inc. v. Public Serv. Comm'n*, 985 F.2d 164, 167-168 (4th Cir. 1993) (citing *National Bank v. Pearson*, 863 F.2d 322, 327 (4th Cir. 1988)). "[L]eave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986). Here, the Court believes amendment would be prejudicial as discovery

has long been closed and the newly named Defendants have not had a chance to participate in discovery. It is unclear why Plaintiff could not have added these Defendants earlier.

Additionally, the amendments appear to be futile as Plaintiff seeks only to add additional parties without adding any new claim. Plaintiff has not presented a cogent basis for granting leave to amend. The nature and extent of these Defendants' liability as alleged in the proposed amendments appears to be no different from what Plaintiff has already argued. In the proposed amendment Plaintiff fails to describe a plausible cause of action under § 1981 as to the new Defendants beyond mere conclusions and speculations. The Court does not believe Plaintiff has alleged any additional facts to link the additional Defendants to any cognizable intentional discrimination within the meaning and application of § 1981. For the reasons discussed above, the Court must dismiss the § 1981 claim, and the addition of parties would not alter that result. Because the proposed amendments would be futile, the Court will deny this Motion.

A separate Order will follow.

   July 29, 2010     
      Date

      /s/     
Alexander Williams, Jr.  
United States District Judge